# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND E. WATISON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-2910-STA-egb |
| | ) | |
| **SGT. FNU SMITH, C/O FNU NEWTON,** | ) | |
| **MS. FNU SHELTON, C/O M. JONES,** | ) | |
| **C/O FNU BRATCHER, C/O FNU BAGGINS,** | ) | |
| **and MS. FNU BARNETT,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CLAIMS AGAINST DEFENDANTS NEWTON, SHELTON, JONES, BRATCHER, BAGGINS, AND BARNETT
## ORDER DIRECTING THAT PROCESS BE ISSUED AND SERVED ON DEFENDANT SMITH

On November 17, 2016, Plaintiff Raymond E. Watison ("Watison"), who at the time of filing was a pre-trial detainee at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.). For purposes of screening, the Clerk is directed to record the Defendants as Sergeant ("Sgt.") First Name Unknown ("FNU") Smith, Correctional Officer ("C/O") FNU Newton, Ms. FNU Shelton, C/O M. Jones, C/O FNU Bratcher, C/O FNU Baggins, and Ms. FNU Barnett.

**BACKGROUND**

In Count 1 of the Complaint, Watison alleges on August 16, 2016, he was engaged in an altercation with another inmate in the other inmate's cell. (Compl. at 2, ECF No. 1.) C/O Baggins ordered both men to stop fighting, and Watison and the other inmate complied. (*Id.*) Watison alleges that when he left the cell, Sgt. Smith put his arm around Watison's neck and choked Watison repeatedly. (*Id.* at 2-3.) Watison told Sgt. Smith that he was choking him. (*Id.* at 3.) Sgt. Smith continued to drag and choke Watison until Watison began to lose his breath and black out. (*Id.*) Watison alleges that when he came to, Sgt. Smith slammed Watison's head on the floor. (*Id.*) Sgt. Smith then placed his knee at the back and center of Watison's neck and attempted to break Watison's hand while placing handcuffs on him, and then pushed his knee up and down on Watison's neck and back. (*Id.*) After Watison began yelling and other inmates started to attack Sgt. Smith, Sgt. Smith escorted Watison to the hallway, slammed his head on the wall, and stated to Watison that he "should of choked you to death, bitch." (*Id.*) Watison contends that because of injuries sustained during the incident, he has problems breathing and swallowing and difficulty sleeping based on death threats allegedly made by Sgt. Smith. (*Id.*)

In Count 2 of the Complaint, Watison alleges that on June 26, 2016, he requested an inmate grievance form from C/O Jones who became aggressive and used profane language towards Watison. (*Id.*) Watison asked to speak with Sgt. Johnson, who is not a party to this action. (*Id.* at 4.) C/O Jones again used profanity and told Watison Sgt. Johnson did not care about his grievance. (*Id.*) Watison filed a grievance against C/O Jones over the incident. (*Id.*) Watison alleges that on July 6, 2016, C/O Jones retaliated against him by filing a false incident report. (*Id.*) As a result, Watison was sent to solitary confinement for 30 days and had his

security level raised. (*Id.*) Watison was not allowed to contact his attorney during this time. (*Id.*)

In Count 3 of the Complaint, Watison alleges that while he was in solitary confinement, C/O Baggins took his property. (*Id.*) On September 11, 2016, C/O Chandler, who is not a party to this action, returned most of Watison's property; however Watison noticed some items were missing. (*Id.*) C/O Chandler advised Watison to file a grievance. (*Id.*)

In Count 4 of the Complaint, Watison alleges that he was found guilty in a disciplinary hearing conducted by C/O Shelton, C/O Newton, C/O Bratcher, Ms. Barnett, and an unknown officer for striking inmate Marquise Cole. (*Id.* at 4-5.) Watison received 30 days of solitary confinement. (*Id.*) Watison admits that he was previously in an altercation with another inmate, Chester Jones. (*Id.* at 4.) However, it was, in fact, inmate Jones and not Watison who was in a verbal altercation with inmate Cole. (*Id.*) Watison's appeal of the decision was denied by Defendants Barnett and Bratcher. (*Id.* at 5.) Watison argues that being placed in solitary confinement under inhumane conditions where he could not clean his cell and being denied access to his attorney amounts to cruel and unusual punishment. (*Id.*)

Watison now seeks compensatory, punitive, nominal, and monetary damages as well as a restraining order against Sgt. Smith. (*Id.* at 6.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

3

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the standards for pleadings under Federal Rule of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (internal quotation omitted); *Young Bok Song v. Gipson*, 423 F. App'x 506,

510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants.").

## ANALYSIS

Watison filed his *pro se* Complaint on the official form for actions under 42 U.S.C. § 1983. That section reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). The Court hold that the Complaint states a claim for excessive force but fails to state any other plausible claim for relief. The Court considers each of Watison's claims in turn.

### I. Use of Excessive Force

Watison's complaint alleges that Sgt. Smith used excessive force against him. Excessive force claims brought by pre-trial detainees like Watison are analyzed under the Fourteenth Amendment's standard of objective reasonableness. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015). "[O]bjective reasonableness turns on the facts and circumstances of each particular case. *Id.* at 2473 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). A court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Kinglsey*, 135 S. Ct. at 2473; *see also Graham* at 396-97 ("The calculus of reasonableness must embody allowance for the fact

that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.").

The "reasonableness" inquiry is an objective one: "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted). The proper application of this standard requires consideration the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

For purposes of screening, the Court holds that Watison has alleged a plausible claim against Sgt. Smith for using excessive force in violation of the Fourteenth Amendment. According to Watison, Sgt. Smith applied force against Watison, apparently to restore order after a fight between Watison and another inmate. But by the time Sgt. Smith used force, Watison and the other inmate had stopped fighting, and Watison was walking away from the altercation. This factor would suggest that Sgt. Smith's use of force was objectively unreasonable. Sgt. Smith proceeded to use a choke hold on Watison any way, causing Watison to lose consciousness, and then slammed Watison's head into a wall. These allegations state a claim for excessive force against Sgt. Smith.

## II. Verbal Abuse & Solitary Confinement Conditions

Next, Watison's claims for aggressive and profane language and placement in solitary confinement implicate the Due Process Clause of the Fourteenth Amendment. *Liscio v. Warren,* 901 F.2d 274, 275–76 (2d Cir.1990). Even after *Kingsley*, the Sixth Circuit has applied the deliberate indifference standard to claims concerning an inmate's health and safety to pre-trial detainees. *See Morabito v. Holmes*, 628 F. App'x 353, 356-58 (6th Cir. 2015) (applying the objective reasonableness standard to pre-trial detainee's excessive force claims and the deliberate indifference standard to denial of medical care claim). In any event, Watison's claim that C/O Jones used profane or abusive language is insufficient to state a violation of Watison's constitutional rights. *See, e.g., Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "use of racial slurs and other derogatory language"). Watison's claims for verbal abuse against Jones are therefore **DISMISSED**.

Likewise, Watison has no constitutional claim based on his assignment to solitary confinement and the resulting alteration in his security classification. An inmate does not have a constitutionally protected right to be assigned to a particular prison, security classification, or housing assignment. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976). *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (confinement in particular part of prison or jail does not implicate due process absent "atypical and significant hardship" "in relation to the ordinary incidents of prison life"). Therefore, this claim must be **DISMISSED**.

### III. Loss of Property

Watison next alleges that C/O Baggins stole some unspecified articles of Watison's property. Claims for deprivation of property are not actionable under § 1983 if adequate state

7

remedies are available to redress the deprivation. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). "[T]he State of Tennessee does provide an adequate post-deprivation remedy for takings of property." *McMillan v. Fielding,* 136 F. App'x 818, 820 (6th Cir. 2005); *see also Brooks v. Dutton,* 751 F.2d 197, 199 (6th Cir. 1985). Watison is entitled to sue a defendant, or any other responsible person, in state court for the loss of his property. Therefore, Watison's claim for loss of property against C/O Baggins is **DISMISSED**.

### IV. Denial of Due Process

Watison claims he was denied due process in his disciplinary hearing conducted by Defendants C/O Shelton, C/O Newton, C/O Bratcher, and Ms. Barnett; and in the denial of his appeal by Defendants Ms. Barnett and C/O Bratcher. A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Watison contends that he received 30 days of solitary confinement. Watison's assignment to solitary confinement does not constitute an atypical and significant hardship. Confinement to punitive segregation, the loss of package privileges, fines, and restitution do not constitute an atypical and significant hardship in the context of prison life. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). An

increased security classification also does not constitute an atypical and significant hardship. *See Workman v. Wilkinson*, 23 F. App'x 439, 440 (6th Cir. 2001) (citing *Sandin*, 515 U.S. at 484). Therefore, Watison's claims for denial of due process against C/O Shelton, C/O Newton, C/O Bratcher, and Ms. Barnett are **DISMISSED**.

In addition to claims concerning the disciplinary process itself, Watison alleges that C/O Jones made false accusations in a disciplinary report. There ordinarily is no right of action against a witness who testifies falsely at trial. In *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983), the Supreme Court held that police officers are absolutely immune from suits for money damages for alleged perjury during criminal trials. In so holding, the Supreme Court stated that private parties who testify in court traditionally have been immune from damages under § 1983. *See id.* at 330-34. Although a prison disciplinary proceeding is not precisely equivalent to a criminal trial, several courts have applied *Briscoe* to bar suits against prison employees who testify falsely at disciplinary hearings. *See, e.g.*, *Thomas v. Calero*, 824 F. Supp. 2d 488, 499 (S.D.N.Y. 2011) (report and recommendation adopted by district court); *McCullon v. Brouse*, Civ. No. 3:10-CV-1541, 2011 WL 1398481, at *8 (M.D. Pa. Mar. 24, 2011) (report and recommendation), *adopted*, 2011 WL 1419650 (M.D. Pa. Apr. 13, 2011); *Crumbley v. Dawson*, No. 9:09cv14, 2010 WL 2209189, at *5 (E.D. Tex. May 28, 2010); *Gibson v. Roush*, 587 F. Supp. 504, 506 (W.D. Mich. 1984). Other courts have held that, where a prisoner has received the process that is due, he has no due process claim arising from even false testimony at a disciplinary hearing. *Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005) ("The issuance of false misbehavior reports and provision of false testimony against an inmate by corrections officers is insufficient on its own to establish a denial of due process. Rather, such action violates due process only where either procedural protections were denied that would have

allowed the inmate to expose the falsity of the evidence against him, or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights . . . ." (citations omitted)). The Court considers Watison's retaliation claim against C/O Jones below. However, the Complaint fails to state a claim against C/O Jones for an allegedly false statement in a disciplinary report.

## VI. Retaliation

Finally, Watison alleges that C/O Jones filed a false incident report against him in retaliation for Watison filing a grievance against C/O Jones. The false report resulted in Watison receiving 30 days in solitary confinement. "Retaliation on the basis of a prisoner's exercise of his First Amendment rights violates the Constitution." *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005).

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "If the plaintiff is able to make such a showing, the defendant then has the burden of showing that the same action would have been taken even absent the plaintiff's protected conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). The filing of a non-frivolous grievance is protected conduct under the First Amendment. *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007). But a grievance is frivolous if it complains of conduct that is not legally actionable. *Herron v. Harrison*, 203 F.3d 410, 415 ("Herron's pursuit of legal claims against [prison] officials . . . was protected conduct only to the extent that the underlying claims had merit."). .

Watison's Complaint fails to state a claim for retaliation against C/O Jones. Watison has not made his grievance part of the record. So the Court has no information about the conduct alleged in the grievance and cannot determine whether the grievance qualifies as protected conduct. Certainly the fact that Watison filed a judicial complaint naming C/O Jones, as well as other grievances, does not suggest that Defendant Jones's conduct deterred Watison from exercising his right to file additional complaints. The filing of an amended complaint would give Watison an opportunity to cure these defects. Once the Court has entered a scheduling order and set a deadline for Watison to file an amended pleading, Watison may but is not require to file a motion to amend the complaint to set out his retaliation claim in more detail. For now Watison's claim against C/O Jones for retaliation is **DISMISSED**.

## CONCLUSION

The Court **DISMISSES** Watison's *pro se* Complaint against Defendants Newton, Shelton, Jones, Bratcher, Baggins, and Barnett for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Process will issue for Sgt. Smith only as to Watison's Fourteenth Amendment claim for the use of excessive force.

It is **ORDERED** that the Clerk shall issue process for Sgt. Smith and deliver that process to the U.S. Marshal for service. Service shall be made on Sgt. Smith pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further **ORDERED** that Watison must serve a copy of every subsequent document he files in this case on counsel for Sgt. Smith or, if Sgt. Smith has no counsel, on Sgt. Smith himself. Watison must make a certificate of service on every document filed. Watison must

familiarize himself with Federal Rules of Civil Procedure and the Local Rules of the Court.[1]
Watison shall promptly notify the Clerk in writing of any change of address, transfer to another facility, release from custody, or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

**IT IS SO ORDERED**

                              **s/ S. Thomas Anderson**
                              S. THOMAS ANDERSON
                              CHIEF UNITED STATES DISTRICT JUDGE

                              Date: June 19, 2018.
.

---

[1] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.